IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICENTE CRESPO-BARRAGAN,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, in his official Capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, DAREN MARGOLIN, DAVID VENTRUELLA, in his official Capacity as Acting Director of Immigration and Customs Enforcement; ROB JEFFREYS, Director of Nebraska Department of Correctional Services; and ALLEN GILL, in his official capacity as Omaha Field Office ERO Director;<br><br>Respondents. | 8:26CV332<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Vicente Crespo-Barragan's petition for a writ of habeas corpus (Filing No. 1). Crespo-Barragan, a noncitizen in removal proceedings, alleges his detention is unlawful because he has not received a bond hearing. But for the reasons set forth below, his petition will be denied.

**BACKGROUND**

Crespo-Barragan is citizen of Mexico. (Filing No. 1 at 1). He entered the United States in 2008 "without inspection" "somewhere in Arizona[.]" (Filing No. 1 at 3; Filing No. 1-2 at 4).

In June 2026, Crespo-Barragan's car was stopped by the Nebraska State Patrol in Omaha, Nebraska. (Filing No. 1 at 4). When asked to produce his driver's license, Crespo-Barragan presented foreign identification from Mexico. (Filing No. 1-2 at 3). That caused the state patrol to

suspect he might not have lawful immigration status. (Filing No. 1-2 at 3). So the state patrol contacted U.S. Immigration and Customs Enforcement (ICE) for help. (Filing No. 1-2 at 3). When ICE officers arrived, Crespo-Barragan admitted he was a noncitizen without lawful status in the United States, prompting ICE to issue a warrant for his arrest, detain him, and initiate removal proceedings. (Filing No. 1-2 at 3). Crespo-Barragan was transferred to the McCook Detention Center in McCook, Nebraska, where he remains. (Filing No. 1 at 2).

Crespo-Barragan sought release on bond during the pendency of those proceedings. An immigration judge denied his request, reasoning he "lacked jurisdiction to hear th[e] matter" under *Avila v. Bondi*, 170 F.4th 1128, 1132 (8th Cir. 2026). (Filing No. 1-1 at 1).

Crespo-Barragan responded by asking this Court to issue a writ of habeas corpus. (Filing No. 1). He challenges his continued detention as violative of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment (Filing No. 1 at 10-12) and seeks immediate release or, alternatively, an order directing the Respondents to provide him a bond hearing within seven days. (Filing No. 1 at 12).

## STANDARD OF REVIEW

Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Crespo-Barragan bears the burden to show that he is in custody in violation of the law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of

Crespo-Barragan's petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

Crespo-Barragan's petition raises two questions: whether he is entitled to a bond hearing on either statutory or constitutional grounds. As in previous cases raising these issues post-*Avila*, the Court answers both in the negative. *See Aleman Duenas v. Blanche et al.,* 2026 WL 1261633 (D. Neb. May 8, 2026); *Gonzalez-Martinez, v. Blanche et al.*, 2026 WL 1045701 (D. Neb. Apr. 17, 2026); *Boubacar v. Blanche et al.,* 2026 WL 972708 (D. Neb. Apr. 10, 2026).

*Avila* forecloses Crespo-Barragan's arguments that his detention violates § 1226(a). *See* 170 F.4th at 1134. As an "applicant for admission" under that term's statutory definition, § 1225(b)(2) mandates that he be detained during his removal proceedings. *See id.* None of Crespo-Barragan's suggestions to the contrary change *Avila*'s holding or the fact that this Court is bound to apply it. His first and second causes of action therefore fail.

Crespo-Barragan's due process claims fare no better. There is no question the Fifth Amendment entitles him to due process of law in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). But at the same time, the U.S. Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). In *Demore,* the Supreme Court reaffirmed its "longstanding view that the [g]overnment may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. The reason, according to the Court, was that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "In other words, the government has more flexibility when dealing with immigration." *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024).

In Crespo-Barragan's view, his "current civil detention violates his due process rights" because his "private interest in being free from detention outweighs the government's interest in maintaining the current procedures" under the balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). (Filing No. 1 at 12). But the Court has previously concluded that *Mathews* balancing does not apply to immigration detention challenges like Crespo-Barragan's. *See, e.g., Aleman Duenas,* 2026 WL 1261633, at *3.

3

It is true that deciding what process is due ordinarily requires a form of interest balancing. But cases like *Demore* "leave no room for a multi-factor 'reasonableness' test" and "have already done whatever balancing is necessary" in the detention context. *Banyee,* 115 F.4th at 933. *See, e.g., Demore*, 538 U.S. at 528 (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Crespo-Barragan] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). Instead, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still *pending*." *Id.* (citation modified) (emphasis in original). For Crespo-Barragan, they are, so *Mathews* is of no help to him.

Finally, Crespo-Barragan's substantive due process claim also fails. Because he has not received a bond hearing, he argues, the government "is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a 'reasonable relation' to the purposes of immigration detention and is not impermissibly punitive." (Filing No. 1 at 12). At the outset, the Court notes that substantive and procedural due process are not exclusive concepts— "their protections often overlap." *Albright v. Oliver*, 510 U.S. 266, 301 (1994) (Stevens, J., dissenting). Cases like *Banyee* therefore "draw no explicit distinction between substantive and procedural due process." *Romero v. Brown*, 2026 WL 1021455, at *6 (S.D. Iowa Apr. 15, 2026). Thus, Crespo-Barragan's substantive due process claim fails for many of the reasons the Court outlined above—i.e., removal proceedings are pending and "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Banyee,* 115 F.4th at 931 (citation modified) (quoting *Demore*, 538 U.S. at 526).

Crespo-Barragan's substantive due process claim is also deficient for other, independent reasons. To determine whether an asserted right or liberty is "fundamental" and thus warrants protection as a substantive-due-process right under the Fifth Amendment, the Court (1) "insists on a 'careful description of the asserted fundamental liberty interest,'" and (2) "stresses that 'the Due

Process Clause specially protects' only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Munoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). For Crespo-Barragan, that is a "heavy lift[.]" *Leiva v. Berg*, 2026 WL 948430, at *5 (D. Neb. Apr. 8, 2026); *see Munoz*, 602 U.S. at 911 ("[I]t would be remarkable to put the Government to the most demanding test in constitutional law in the field of immigration, an area unsuited to rigorous judicial oversight."). Crespo-Barragan cannot clear either hurdle.

*First*, he failed to "careful[ly] descr[ibe]" his asserted fundamental liberty interest. *Munoz*, 602 U.S. at 910. It is unclear what his asserted fundamental liberty interest is—his claim seems to be based on the lack of a bond hearing—and release—under § 1226. But "[a]t bottom, that is a claim to a right of release into the country, without lawful admission, while removal proceedings are pending." *Romero*, 2026 WL 1021455, at *7. There is no such constitutional right. *See, e.g., Leiva*, 2026 WL 1021455, at *5; *Bushuev v. Immigr. & Customs Enf't - Enf't & Removal Operations*, 2026 WL 352873, at *3 (E.D. Mo. Feb. 9, 2026). *Second,* Crespo-Barragan makes no attempt to show his purported fundamental right—whatever it may be—is "deeply rooted in this Nation's history and tradition." *Munoz*, 602 U.S. at 911 (quoting *Glucksberg*, 521 U.S. at 721). His substantive due process claim therefore fails.

In sum, *Avila* forecloses Crespo-Barragan's statutory claims. While *Avila* does not foreclose his procedural due process claim, other Supreme Court and Eighth Circuit precedent does. Thus, Crespo-Barragan is not entitled to habeas relief. Accordingly,

**IT IS ORDERED:**

1. Petitioner Vicente Crespo-Barragan's petition for a writ of habeas corpus (Filing No. 1) is denied.

2. A separate judgment will be entered.

Dated this 16th day of July, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge